C-1738-15-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## THE STATE TEXAS



**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**AMERICAN ENTERPRISES INTERNATIONAL INC.
BY SERVING ITS REGISTERED AGENT: FREDRIC COX
W129 N11040 WASHINGTON DRIVE
GERMANTOWN, WI 53022-0610**

You are hereby commanded to appear by filing a written answer to the ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 275th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 27th day of April, 2015 and a copy of same accompanies this citation. The file number and style of said suit being, **C-1738-15-E, LEONEL LOPEZ AND LORENA LOPEZ VS. AMERICAN ENTERPRISES INTERNATIONAL INC.**

Said Petition was filed in said court by ATTORNEY EFRAIN MOLINA who is located at 4009 S. SUGAR RD., EDINBURG, TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 12th day of May, 2015.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

_____
**JOSEPH GONZALEZ DEPUTY CLERK**

CERTIFIED MAIL 7014 2120 0003 4258 4878

CERTIFICATE OF RETURN
UNDER RULES 103 T.R.C.P.

This is to certify that on this the 12th day of May, 2015 I, Joseph Gonzalez, Deputy Clerk of the 275th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-1738-15-E, Leonel Lopez and Lorena Lopez VS. American Enterprises International Inc. a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the ____ day of _____, 201__ (or unserved for the reason on the certificate return)
_____.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Edinburg, Texas on this the 12th day of May, 2015.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
JOSEPH GONZALEZ, DEPUTY CLERK

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the ____ day of _____, 20_____.

_____
Declarant"

_____
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number

Cause Number: **C-1738-15-E**

| | | |
|---|---|---|
| LEONEL LOPEZ | § | |
| LORENA LOPEZ | § | IN THE 275th |
|     Plaintiffs | § | |
| | § | JUDICIAL DISTRICT COURT |
| V. | § | |
| | § | OF |
| | § | |
| AMERICAN ENTERPRISES | § | HIDALGO COUNTY, TEXAS |
| INTERNATIONAL INC. | | |
|     Defendant | | |

## ORIGINAL PETITION

### I.

### DISCOVERY PLAN LEVEL 1

1. Plaintiffs request that this lawsuit be governed by a Level 1 Discovery Control Plan pursuant to Texas Rules of Civil Procedure. Plaintiffs are seeking monetary relief equal to or less than $100,000. Therefore, the expedited trial act applies.

### II.

### PARTIES

2. Plaintiff is LEONEL LOPEZ an individual and resident of Hidalgo County Texas.

3. Plaintiff is LORENA LOPEZ an individual and resident of Hidalgo County, Texas.

Electronically Filed
4/27/2015 1:43:30 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

4. The Defendant is AMERICAN ENTERPRISES INTERNATIONAL INC., a Wisconsin Corporation doing business and right to transact business in the State of Texas. The Defendant can be served by serving its registered agent at:

> Fredric Cox, Registered Agent
> American Enterprises International Inc.
> W129 N11040 Washington Drive
> Germantown, WI 53022-0610

## III.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of the Court. Venue is proper in Hidalgo County, Texas, because all or a substantial part of the events giving rise to this cause of action occurred there.

## IV.

## EXPEDITED TRIAL ACTION

6. Pursuant to Tex. R. Civ. P. 169, Plaintiffs are seeking only monetary relief aggregating less than $100,000 and request a trial date 90 days after the discovery period in 190.2(b)(1) ends.

## V.

## FACTUAL BACKGROUND

7. The Plaintiffs received a loan from the Defendant to do some home

Electronically Filed
4/27/2015 1:43:30 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

improvements to their residence. The loan was executed in Hidalgo County, Texas. Unfortunately, the Plaintiffs fell on hard times and missed a few payments, but had every intention on bringing their balance current.

Mr. Lopez is a military veteran. He served in the U.S. MARINES, suffers from post traumatic stress syndrome, and is classified as a disabled veteran.

On or about February 19, 2015, Mr. Lopez's wife got a phone call from an individual claiming to be from the County, named Jimmy. The person said they went to his wife's work at an elementary school and tried to serve her with summons papers because of a pending lawsuit that the Defendant has against her and her husband. The process server also claimed that the Defendant pressed theft charges against her and her husband.

After hearing this message, Ms. Lopez became frantic and began to panic. She then contacted her boss, the elementary principal, and she said that he had not spoken to anyone trying to serve Ms. Lopez summons papers.

Mr. Lopez then called the process server at 347-547-2993. The process server said his name was Jimmy and that he was with the County. Jimmy also said that Mr. Lopez and Ms. Lopez had to contact the New York Attorney Mike Allen who represented the Defendant, American Enterprises International Inc., regarding the pending case. Jimmy then proceeded to call Mr. Lopez a dog and bark at him.

After calling the Defendant, who gave them the phone number to contact, Mr. Lopez called "Attorney" Mike Allen at 212-643-9999 and a harsh discussion took place where Mike Allen threatened to garnish Mr. Lopez's veteran's benefits.

Mr. Lopez and Ms. Lopez recorded the phone conversations.

# VI.

## CAUSES OF ACTION

8. Because of the wrongful debt collection practices executed by the Defendant, the Plaintiffs have the following causes of action against the Defendant. Each count is raised conjunctively and in the alternative.

### COUNT 1

Unreasonable Collection Efforts. The act to collect the debt against the Plaintiffs is not only appalling, but shocks the conscious of the average man. *See EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.)(citing common law tort of unreasonable debt collection efforts).

### COUNT 2

Numerous violations of Tex. Fin. C. 392.301, which states that a debt collector may not use threats or coercion to collect a debt. Defendant violated this provision in:

a) Using or threatening to use violence or other criminal means to cause harm to my client's person or property. Here, threatening criminal charges and garnishment of my client's veteran benefits. See Tex. Fin. C. 392.301 (1.)

b) Accusing falsely or threatening to accuse falsely my clients of fraud or any other crime. Here telling the Plaintiffs they committed theft. See Tex. Fin. C. 392.301 (2.)

c) Threatening that the debtor would be arrested for nonpayment of a consumer debt without proper court proceedings; Here telling the Plaintiffs that there was a pending theft charge. *Id.* (5.)

d) Threatening to file a charge, complaint, or criminal action against the Plaintiffs when they have not violated a criminal law. *Id.* (6.).

Electronically Filed
4/27/2015 1:43:30 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

e) Threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of property without proper court proceedings. Here threatening to garnish Mr. Lopez's military benefits and put a lien on his property. *Id.* at (7.)

f) Threatening to take an action prohibited by law. *Id.* (8.). Here, you cannot garnish wages in Texas for a debt. It is constitutionally protected.

## COUNT 3

9. A debt collector may not oppress, harass, or abuse a person by using profane or obscene language or language intended to abuse unreasonably the hearer or reader. See TEX. FIN. C. §392-302. Here, the Defendant unreasonably abused the Plaintiffs clients by (1.) calling Mr. Lopez a dog, (2.) indicating Mr. Lopez had no respect as a former military man, (3.) insulting Mr. Lopez's wife, and (4.) telling Mr. Lopez that he is not smart.

## COUNT 4

10. A debt collector may not use unfair or unconscionable means that employ collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. See TEX. FIN. C. 392.303(2.).

Here, the Plaintiffs had a debt with American Enterprises International Inc. This debt has not been accelerated. Therefore, my clients have only the legal duty to pay the arrears or past due payments. Defendant in error indicated that my clients had to pay the entire $6,000 amount. See previous financial statement showing a past due balance of about $900 attached hereto as **Exhibit 1**.

Electronically Filed
4/27/2015 1:43:30 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## COUNT 5

11. Numerous violations of Tex. Fin. C. 392.304 whereby a debt collector may not use fraudulent, deceptive, or misleading representations. These include:

   a) Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt's status in a judicial or governmental proceeding. TEX. FIN. C. 392.304(8). Here, indicating that your caller was a process server and worked for Hidalgo County. Also, indicating that a civil suit has been filed.

   b) Representing falsely that a debt collector is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of, this state or an agency of federal, state, or local government. TEX. FIN. C. 392.304(9.) Here, indicating that Mark Allen was a New York attorney.

   c) Using a communication that purports to be from an attorney or law firm if it is not. TEX. FIN. C. 392.304(16.) Here, telling my clients that the number they were calling was a New York attorney and that the process server number was an individual with Hidalgo County.

   d) Representing that a consumer debt is being collected by an attorney if it is not; TEX. FIN. C. 392.304(17.)

   e) Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer TEX. FIN. C. 392.304(18.)

VICARIOUS LIABILITY

The Plaintiff alleges the following theories of vicarious liability for the actions of Defendant's process server and "alleged" attorney.

- The Defendant assisted or encouraged the above torts;
- Respondent Superior;
- Vice-Principal; and
- Defendant conspired with the process server and alleged attorney in the above wrongful collection efforts.

## VII.

## DAMAGES

12. Because of the violations outlined above, the Plaintiffs are entitled to the following legal damages:

    a. Actual Damages;

    b. Mental Anguish Damages;

    c. Attorney Fees;

    d. Inconvenience damages;

    e. Court Costs

Pursuant to Tex. R. Civ. P. 47, the Plaintiffs are seeking monetary relief under $100,000. The damages sought are within the jurisdictional limits of the court.

## VIII.

## REQUEST FOR DISCLOSURES

13. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that the Defendant disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Requests for Disclosure to Defendant.

IX.

## TEX. R. CIV. P. 193.7 NOTICE

14. All documents produced by Defendants are authenticated for purposes of Rule 193.7 and will be used by the Plaintiff at trial or hearings.

X.

## JURY DEMAND

15. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

XI.

## PRAYER

16. Plaintiffs pray that they have a judgment against Defendant for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which they may be entitled to.

Electronically Filed
4/27/2015 1:43:30 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Ahmed, Alexander, & Molina LLP
4009 S. Sugar Rd.
Edinburg, TX 78539
Ph. 956-391-2754
Fax 956-391-2755

Respectfully submitted,


/s/ Efrain Molina Jr.
State Bar No. 24070287
Email: efrain@aamlawyers.com